*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VIOLET LAPEER,

Plaintiff-Appellant,

v

OTSEGO COUNTY FAIR ASSOCIATION,

Defendant-Appellee.

UNPUBLISHED
May 6, 2021

No. 352737
Otsego Circuit Court
LC No. 19-017726-NO

Before: JANSEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

RONAYNE KRAUSE, J. *(concurring)*

I almost entirely concur with the majority. As the majority thoroughly discusses, on the day of her injury, plaintiff was both a spectator and a participant under the Equine Activity Liability Act (EALA), MCL 691.1661 *et seq*. I agree with the majority's conclusion that at the time she was injured, plaintiff was a participant under the EALA. I respectfully disagree with the majority only insofar as the majority's opinion suggests that plaintiff was ever both a spectator *and* a participant at the same point in time. Rather, I conclude that for the duration of the time plaintiff spent observing the show from the bleachers, she was a spectator and not a participant, and by the time the injury occurred, she had lost her spectator status and resumed being a participant.

The EALA provides, in relevant part, that:

"Engage in an equine activity" means riding, training, driving, breeding, being a passenger upon, or providing or assisting in veterinary treatment of an equine, whether mounted or unmounted. Engage in an equine activity includes visiting, touring, or utilizing an equine facility as part of an organized event or activity including the breeding of equines, or assisting a participant or show management. Engage in equine activity does not include spectating at an equine activity, unless the spectator places himself or herself in an unauthorized area and in immediate proximity to the equine activity. [MCL 691.1662(A).]

It therefore appears that the plain language of the statute necessarily excludes ordinary spectating from engagement in an equine activity. If a spectator is not engaging in equine activity, then by

-1-

definition, a spectator cannot be a "participant" under MCL 691.1662(g). Furthermore, the purpose of the EALA is to limit liability for "claims for damages resulting from the inherent risks of horseback riding and being around horses." *Cole v Ladbroke Racing Michigan, Inc*, 241 Mich App 1, 12; 614 NW2d 169 (2000). Because ordinary spectating would not seem to be a typically risky activity, it would make sense for spectators to be excluded from being participants.

This conclusion does not conflict with any case law as I read it. In *Amburgey v Sauder*, 238 Mich App 228, 234- 236; 605 NW2d 84 (1999), the plaintiff visited a stable through a side entrance, was given a tour, undisputedly spectated her son's girlfriend's riding lesson for an hour, then went back to the stable and assisted in feeding and grooming the horse. While trying to walk out, the plaintiff was unexpectedly bitten by a horse. This Court held that although the plaintiff had spectated for a time, the rest of her conduct at the stable did constitute engagement in an equine activity. Notably, the plaintiff was clearly not spectating at the time she was injured. Thus, although *Amburgey* does not squarely address the issue, it does not preclude the conclusion that spectating cannot co-occur with participation.

In *Columbus v Moore*, unpublished per curiam opinion of the Court of Appeals, decided July 27, 2006 (Docket No. 267957), this Court more directly addressed the issue. *Columbus* is not binding, but there is no other authority as directly on point. MCR 7.215(C)(1), *Glasker-Davis v Auvenshine*, ___ Mich App ___, ___ n 4; ___ NW2d ___ (2020). In *Columbus*, the plaintiff was kicked by a horse at a horse sale event, and the question before the Court was only whether she was a participant or a spectator, because if she was a spectator, the EALA would not limit the defendants' liability. *Columbus*, unpub op at pp 1-2. A majority of this Court concluded that plaintiff did more than merely observe, so her conduct constituted participation. *Id*., unpub op at pp 2-3. Again, *Columbus* is not binding, but it appears to reflect an understanding that the plaintiff had to be either a spectator *or* a participant to determine whether the EALA applied to preclude her claims.

Again, I agree with the majority that plaintiff was both a participant and a spectator on the day of her injury. I would hold that she was a spectator and not a participant during her time observing the show from the bleachers, and that she was a participant and not a spectator after she left the bleachers. Thus, we unanimously agree that she was a participant at the moment of her injury, so the issue is not outcome determinative in this case. However, I cannot agree that, under the EALA, a person can be both a participant and a spectator at the same point in time.

/s/ Amy Ronayne Krause